865 F.2d 1269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George TATE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1089.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1989.
 
 Before ENGEL, Chief Judge, WELLFORD and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Tate appeals a decision by the district court affirming the denial by the Secretary of Health and Human Services of Tate's claim for social security disability benefits. Tate contends that he was rendered disabled by work-related injuries to his wrists and back. At his hearing, however, the ALJ found that Tate was capable of performing sedentary work and that a significant number of jobs consistent with his capacity existed in the local economy. We are bound by the ALJ's determination unless Tate can demonstrate that the judgment was not supported by substantial evidence.
 
 
 2
 Tate worked for the Chrysler Corporation from 1964 to 1982 as a welding inspector, maintenance man, welder, and assembler. He injured his back while working in 1978, but continued to work off and on until 1982. This injury, which Tate says causes constant back pain radiating to his legs and shoulders, is the primary basis for the claimant's claim of disability. A contributing factor is a wrist injury that Tate sustained in 1974 and which led to three operations in 1978.
 
 
 3
 Under the Social Security Act, the Secretary's determination regarding disability is conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence is such "evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In answering this question, the court must examine the evidence in the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980). This court must affirm a decision of the Secretary supported by substantial evidence even if the court itself would reach a different conclusion on the same facts. Kinsella v. Schweiker, 708 F.2d 1058 (6th Cir.1983).
 
 
 4
 The ALJ's decision is supported by substantial evidence. The ALJ has examined Tate's case on two separate occasions. After the first hearing, the ALJ denied benefits on the ground that the claimant's impairments did not prevent him from performing his past relevant work. On appeal, the district court remanded the case because the ALJ had applied the wrong legal standard in discrediting Tate's testimony. After the second hearing, the ALJ again denied benefits, but this time on the ground that the claimant was capable of performing a wide range of sedentary work.
 
 
 5
 Review of an ALJ's credibility judgments is governed by Duncan v. Secretary, H.H.S., 801 F.2d 847, 853 (6th Cir.1986), which derives its test from 20 C.F.R. Sec. 404.1529 entitled "How we evaluate symptoms, including pain." In Duncan this court created a two-pronged test for evaluating subjective claims of disabling symptoms. For Duncan to apply at all, some evidence must exist of an underlying medical condition. Clearly such a medical condition has been established in this case. The next step is to examine:
 
 
 6
 (1) Whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 801 F.2d at 853. Aside from the opinion of Dr. Newman, which the ALJ gives little weight since it was based almost entirely on Tate's subjective complaints of pain, no medical evidence in the record establishes that Tate's pain is severe enough to prevent him from doing sedentary work. The first prong of Duncan, therefore, is not satisfied. Whether Tate's condition meets the second prong depends largely upon whether his claims of severe pain are credible.
 
 
 8
 In some cases, subjective complaints of pain alone may support a claim of disability. Duncan, 801 F.2d at 852. Credibility determinations regarding these complaints, however, rest with the ALJ who has the opportunity to observe the demeanor of the claimant. Beavers v. Secretary, H.H.S., 577 F.2d 383, 386 (6th Cir.1978). The record taken as a whole contains substantial evidence that the second prong of the Duncan test is not satisfied.
 
 
 9
 In stating that Tate's testimony was not credible, the ALJ relied heavily on the opinions of Drs. Theodoulou and Sul. In particular, he stresses Dr. Theodoulou's implication that Tate was exaggerating the severity of pain or disability in his wrists. The ALJ quotes the portion of the medical report in which Dr. Theodoulou says, "[i]t was my impression that he did not squeeze the dynamometer hard." The ALJ's credibility determination also relies on the numerous medical reports of Drs. Ziegler, Haley, and Obianwu which do not contain any objective medical evidence suggesting that Tate's impairments render him incapable of doing sedentary work. While the claimant would prefer to focus on Dr. Newman's report suggesting a more severe disability, it was not beyond the bounds of the ALJ's authority to find that Dr. Newman's report was outweighed by a larger body of medical evidence.
 
 
 10
 The ALJ examined and discussed all of the relevant evidence. The medical findings that he determined to be the most persuasive represent evidence that a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary of H.H.S., 667 F.2d 524, 535 (6th Cir.1981). Therefore, we find the ALJ's decision is supported by substantial evidence in the record. Accordingly, we AFFIRM.